IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GLORIA VELA, | CV NO. 5:13-CV-868-DAE |
| Plaintiff, | |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION and ROB VALDESPINO, | |
| Defendants. | |

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are two Motions to Dismiss; one filed by Defendant U.S. Bank National Association (Dkt. # 3); another filed by Defendant Rob Valdespino (Dkt. # 5). Plaintiff Gloria Vela did not file a response to either Motion. Pursuant to Local Rule 7(d), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Defendant U.S. Bank's Motion to Dismiss **WITH PREJUDICE** (Dkt. # 3). The Court also **GRANTS** Defendant Valdespino's Motion to Dismiss **WITHOUT PREJUDICE** (Dkt. # 5).

BACKGROUND

On August 30, 2013, Plaintiff Gloria Vela ("Plaintiff") filed an

Application for a Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Application") in the 73rd Judicial District Court in San Antonio, Texas, to prevent a foreclosure of her property. (Dkt. # 1, Ex. B-1.)

The state court issued a temporary restraining order ("TRO") on August 30, 2013 and set a hearing on the temporary injunction application for September 26, 2013. (Dkt. # 1, Ex. B-2.) Defendants U.S. Bank National Association ("U.S. Bank") and Rob Valdespino ("Valdespino") removed the case to this Court on September 23, 2013, alleging diversity jurisdiction. (Dkt. # 1.) The Notice of Removal alleges the following facts in support of diversity of jurisdiction: (1) Plaintiff is a citizen of Texas; (2) Defendant U.S. Bank is a citizen of Ohio; (3) the amount in controversy exceeds $75,000; (4) and to the extent the petition names Defendant Valdespino as the substitute trustee, he is improperly joined. (Id.)

U.S. Bank filed a Rule 12(b)(6) Motion to Dismiss on September 30, 2013. (Dkt. # 3.) On November 15, 2013, Valdespino filed a Motion to Dismiss pursuant to Texas Property Code § 51.007 and, in the alternative, Federal Rule 12(b)(6). (Dkt. # 5.) Plaintiff has failed to file a response to either motion.

## LEGAL STANDARD

Defendants both rely on Federal Rule of Civil Procedure 12(b)(6) in support of their Motions to Dismiss. Federal Rule of Civil Procedure 12(b)(6)

2

authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56. In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted).

3

Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted).

## DISCUSSION

I.   Local Rule 7(e)(2)

The Court first notes that pursuant to Local Rule 7(e)(2), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2).  Plaintiffs never filed a Response, let alone within the fourteen days permitted by the local rule.  Therefore the Court is justified in granting the Defendants' Motions as unopposed. Nevertheless, the Court will independently examine the merits of Defendants' Motions to Dismiss.

II.  Defendants' Motions to Dismiss

At the outset, the Court reminds that in order to request injunctive relief, there must be a cause of action supporting an entry of a judgment. Butnaru

v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002). Plaintiff's Application for injunctive relief does not provide for any specific causes of action. Rather, Plaintiff only alleges:

> 6. [T]here are impediments to the sale and accounting relating to the amounts owed or reinstatement amounts. Impediments alleged can be those which would or should prevent foreclosure of the home. Said impediments result from the actions of Mortgagee, its agents, servants, employees or authorized representatives.
>
> 7. Plaintiff will be immediately and irreparabl[y] harmed as [a] result of the foreclosure sale under the circumstances. Plaintiff has no other adequate remedy at law and unless a TRO is entered the Plaintiff will lose his [sic] homestead.

(Dkt. # 1, Ex. B-1 ¶¶ 6–7.) Although neither of these two paragraphs set forth specific causes of action, liberally construing Plaintiff's request, it appears that Plaintiff asserts claims for wrongful foreclosure and for an accounting.

U.S. Bank sets forth three theories to justify dismissing Plaintiff's Application: (1) Plaintiff cannot bring a claim for wrongful foreclosure because U.S Bank has not foreclosed on the property; (2) Texas law does not entitle mortgagors to an accounting; and (3) because Plaintiff does not have a viable claim, Plaintiff cannot request injunctive relief. (Dkt. # 3 at 2–4.) Valdespino argues that because Plaintiff did not file a response to his verified denial, Texas Property Code § 51.007(c) requires dismissal. (Dkt. # 5 at 2.) The Court will address both Defendants' arguments in turn.

A.     <u>Wrongful Foreclosure</u>

Plaintiff vaguely alleges in paragraph six of her Application that foreclosure is improper because of "impediments to the sale and accounting relating to the amounts owed or reinstatement amounts." (Dkt. # 1, Ex. B-1 ¶ 6.) U.S. Bank argues it has not proceeded with a foreclosure sale, and therefore, Plaintiff's alleged wrongful foreclosure claim is not ripe. (Dkt. # 3 at 2–3.)

Assuming Plaintiff intended to state a claim for wrongful foreclosure, Plaintiff's claim fails. Under Texas law, to state a claim for wrongful foreclosure a plaintiff must allege (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. <u>Sauceda v. GMAC Mortg. Corp.</u>, 268 S.W.3d 135, 139 (citing <u>Charter Nat'l Bank-Hous. v. Stevens</u>, 781 S.W.2d 368, 371 (Tex. App. 1989)). Plaintiff has not alleged that a foreclosure sale of her property has occurred, so a claim alleging wrongful foreclosure is premature. <u>See</u> <u>Allied Capital Corp. v. Cravens</u>, 67 S.W.3d 486, 492 (Tex. App. 2002) (holding that a party cannot argue wrongful foreclosure if there has not been a foreclosure and corresponding sale); <u>see also</u> <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) ("[A] purported wrongful foreclosure claim is premature [if] there has been no foreclosure of the property."). Accordingly, because Plaintiff has not alleged that a foreclosure took place (and indeed, sought a

temporary restraining order to prevent the foreclosure), Plaintiff fails to state a claim for wrongful foreclosure.

  B. Accounting

   The Plaintiff generally alleges in paragraph six that there are accounting issues relating to "amounts owed or reinstatement amounts" that warrant a delay in foreclosure. (Dkt. # 1, Ex. B-1 at 2.) U.S. Bank argues that Plaintiff's claim is invalid because Plaintiff is not entitled to an accounting under Texas law. (Dkt. # 3 at 3.)

   To be entitled to an accounting, a plaintiff must have either a contractual or fiduciary relationship with the party from whom a plaintiff seeks an accounting. T.F.W. Mgmt., Inc. v. Westwood Shores Property Owners Ass'n, 79 S.W.3d 712, 717 (Tex. App. 2002). However, Texas courts do not recognize a fiduciary relationship between lenders and borrowers. Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (citing 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital, 192 S.W.3d 20, 36 (Tex. App. 2005)). Plaintiff does not have a fiduciary relationship with U.S. Bank that would entitle her to an accounting, so her claim for accounting also fails.

  C. Injunctive Relief

   Plaintiff requests that U.S. Bank be enjoined from pursuing foreclosure. (Dkt. # 1, Ex. B-1 ¶ 7.) However, "[i]njunctive relief is an equitable

remedy, not an independent cause of action," therefore, a request for injunctive relief must be dismissed unless it is supported by a viable claim.  Denman v. Wells Fargo Bank, N.A., No. SA-13-CV-11-XR, 2013 WL 1866580, at *5 (W.D. Tex. May 2, 2013).  Indeed, to obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim.  Rodriguez v. Bank of Am., N.A., SA-12-CV-00905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. Apr. 25, 2013) (citing Harris Cnty. v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999)).  Because Plaintiff has not pleaded a single viable cause of action, she cannot make this showing and his request for injunctive relief fails.  See Pajooh v. Harmon, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming the district court's denial of injunctive relief when plaintiff failed to state a claim).

    D.    Trustee's Verified Denial

Defendant Valdespino, as the trustee, argues that after Plaintiff did not respond to his verified denial, Texas Property Code § 51.007(c) requires dismissal of Plaintiff's action against him.

Section 51.007(a) of the Texas Property Code provides that a trustee named in a suit may plead that they are not a necessary party by a verified denial stating the basis for their reasonable belief that they were named as a party solely in their capacity as a trustee.  Tex. Prop. Code § 51.007(a).  The other parties to the

suit may then file a verified response rebutting the trustee's verified denial within 30 days after the filing of the verified denial. Id. § 51.007(b). However, if there is no timely verified response filed, "the trustee shall be dismissed from the suit without prejudice." Id. § 51.007(c) (emphasis added); see also WAMCO XXVII, Ltd. v. Casa Grande Cotton Fin. Co., 314 F. Supp. 2d 655 (N.D. Tex. 2004) (dismissing the defendant without prejudice based on failure to file a verified response to verified answer).[1]

Valdespino filed his verified denial, in accordance with the above section, on September 13, 2013. (Dkt. # 1, Ex. B-4.) Plaintiff failed to file a timely response rebutting Valdespino's verified denial. Because of Plaintiff's

---

[1] Section 51.007 entitled "Trustee Under Deed of Trust, Contract Lien or Security Instrument" provides, in relevant part:

(a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

(b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.

(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

Tex. Prop. Code § 51.007(a)–(c).

failure to respond, § 51.007(c) requires that Valdespino be dismissed from the suit without prejudice.  See Tex. Prop. Code § 51.007(c).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant U.S. Bank's Motion to Dismiss **WITH PREJUDICE** (Dkt. # 3).  The Court also **GRANTS** Defendant Valdespino's Motion to Dismiss **WITHOUT PREJUDICE** (Dkt. # 5).  Plaintiff shall have thirty (30) days upon which to file an Amended Complaint or the dismissal shall be with prejudice.

IT IS SO ORDERED.

DATED: San Antonio, Texas, March 24, 2014.

_____
David Alan Ezra
Senior United States Distict Judge